UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:23-cv-09227-GW-PD | Date: | Dec. 18, 2023 |
| Title: | *Deandre Lewis v. State of California* | | |

Present: The Honorable Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner(s): | Attorneys Present for Respondents(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal of Petition

On October 27, 2023, Petitioner Deandre Lewis ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Dkt. No. 1.] The Petition challenges his sentence on the grounds that Petitioner, an African-American male who was 19 years old at the time of the offense, was charged with a more serious offense than a white male defendant would have been charged, and was given a longer sentence than other similarly situated individuals convicted of the same offense who were white. [*Id.* at 3.] Petitioner further alleges that the prosecution more frequently sought or obtained convictions from African-American males. [*Id.*] Petitioner asserts that he was denied his federal and state constitutional rights because the state cannot "seek or obtain a criminal conviction or seek or impose a sentence on the basis of race, ethnicity or national origin." [*Id.* at 4.]

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducted a preliminary review of the Petition. *See* Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-09227-GW-PD          Date: Dec. 18, 2023
Title:    *Deandre Lewis v. State of California*

suggests it is a second or successive petition and is unexhausted.

## I. Procedural History

In September 2005, a Los Angeles County Superior Court jury convicted Petitioner of attempted second degree robbery, in violation of California Penal Code ("Penal Code") sections 664 and 211. The jury also found true the special allegation that Petitioner personally and intentionally discharged a firearm, causing great bodily injury, in violation of Penal Code § 12022.53(d). Petitioner was sentenced to prison for a term of twenty-seven years to life. [Dkt. No. 1 at 2.]

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in December 2006.[1] Petitioner filed a petition for review in the California Supreme Court, which was denied in March 2007.[2]

In November 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2007 Petition") in this District. The 2007 Petition raised two claims: (1) the evidence was insufficient to support the jury's finding that Petitioner intentionally discharged a firearm; and (2) Petitioner was denied effective assistance of counsel when trial counsel did not move for the trial court to find there was insufficient evidence to support the jury's findings. The Court denied the 2007 Petition on the merits. *See Lewis v. Small*, Case No. CV 07-

---

[1] *See* Cal. App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/search (search for "Lewis" and "DeAndre" in California Court of Appeal) (last visited Dec. 5, 2023) (Case No. B187603). The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); *Harris v. Cnty. of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012).

[2] *See* Cal. App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/search (search for "Lewis" and "DeAndre" in California Supreme Court) (last visited Dec. 5, 2023) (Case No. S149825).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:23-cv-09227-GW-PD | Date: | Dec. 18, 2023 |
| Title: | *Deandre Lewis v. State of California* | | |

7346-SGL-SS (C.D. Cal. 2008) [Dkt. Nos. 27, 31, 32]. This Court and the Ninth Circuit denied a certificate of appealability. [Dkt. Nos. 36, 41, 42.]

In May 2023, Petitioner filed a petition for writ of habeas corpus in this Court. *See Lewis v. State of California*, Case No. 2:23-cv-05152-GW-PD. [Dkt. No. 1.] The Court denied the Petition without prejudice for Petitioner's failure to submit the appropriate documents to show that he could not pay the filing fee. [Dkt. No. 10.]

## II.  Second and/or Successive

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. *See* 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the Petition challenges the same conviction and sentence as the 2007 Petition that was adjudicated on the merits. Consequently, the instant Petition is second or successive to the 2007 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-09227-GW-PD                     Date:  Dec. 18, 2023
Title:       *Deandre Lewis v. State of California*

### III.   Exhaustion

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies.  Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994), *cert. denied*, 513 U.S. 935 (1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).

Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g.*, *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).

Here, the Court cannot discern whether Petitioner exhausted the claims in the instant Petition to the California Court of Appeal and the California Supreme Court.  Petitioner does not state the case numbers, grounds raised, date of decision or the result.  The Court has taken judicial notice of Petitioner's previous state and federal proceedings, and the Petition includes decisions from the California Court of Appeal and California Supreme Court summarily denying collateral relief.  However, because it is unclear whether Petitioner raised any of the specific claims in the instant Petition to the California courts that he presently contends warrant federal habeas relief, he has failed to carry his burden that they have been exhausted in the state courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-09227-GW-PD                    Date:  Dec. 18, 2023
Title:     *Deandre Lewis v. State of California*

### IV. Order

Thus, the Court ORDERS Petitioner to show cause **by no later than January 22, 2024** as to why the Petition should not be dismissed as second or successive or unexhausted. Petitioner must choose one of the following options:

1. File a written response explaining why the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this petition **AND** how he has exhausted all of his claims in the California courts. If Petitioner contends the Petition is not a second and successive petition and that he has exhausted all of his claims, he should clearly explain this and attach any supporting documents including any briefs submitted in state collateral review proceedings; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntarily dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal Form (CV-09).**

If Petitioner fails to demonstrate that the Petition is not a second and successive petition **AND** that he has exhausted all of his claims, **or fails to respond by January 22, 2024**, the Petition may be dismissed without prejudice as a second and successive petition, for failure to exhaust state remedies, and/or for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Initials of Preparer ____ : ____
                                iv

**Attachment**: Notice of Dismissal Form (CV-09)